UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERT O.M. CHATMAN, SR., | |
| Petitioner, | |
| v. | CAUSE NO. 3:23-CV-342-JD-JPK |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Albert O.M. Chatman, Sr., a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254 challenging his battery conviction in St. Joseph County under case number 71D08-2112-F3-00061. (ECF 4.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

In August 2022, Mr. Chatman pled guilty to battery resulting in serious bodily injury and was sentenced to three years in prison, with two of the years suspended to probation.[1] *State v. Chatman*, 71D08-2112-F3-00061 (St. Joseph Sup. Ct. closed Aug. 26, 2022). He did not pursue a direct appeal. (ECF 4 at 1.) In October 2022, he filed a *pro se* post-conviction petition. *Chatman v. State*, 71D08-2210-PC-00027 (St. Joseph Sup. Ct.

---

[1] Although Mr. Chatman is currently in custody at a county jail in Tennessee, it can be discerned from public records that he is still on probation in the Indiana case and thus meets the "in custody" requirement for challenging this conviction under 28 U.S.C. § 2254. *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

closed Nov. 14, 2022). The state moved to dismiss the petition, and the court granted the motion on November 14, 2022. *Id.* (docket entry Nov. 14, 2022). Mr. Chatman did not pursue an appeal in the post-conviction proceedings. (ECF 4 at 2.)

In April 2023, he turned to federal court. His amended petition is somewhat difficult to parse, but giving it liberal construction, the court discerns the following claims: (1) his trial attorney was ineffective because she did not request a speedy trial even though he asked her to do so; (2) his trial attorney was ineffective because she did not adequately investigate the case; (3) his double jeopardy rights were violated because his sentence was enhanced based on prior convictions; and (4) his trial attorney was ineffective in not challenging the amount of his bond. (ECF 4 at 3-4.)

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the court must ensure a petitioner has exhausted all available remedies in state court before considering the merits of a habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 582 U.S. 521, 537 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim if that claim was presented

2

to the state courts and denied on the basis of an adequate and independent state procedural ground, or if the claim was not presented to the state courts and the time for doing so has passed. *Davila*, 582 U.S. at 537; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Mr. Chatman acknowledges in his petition that he did not pursue a direct appeal. (ECF 4 at 1.) Even assuming all four of his claims were contained in his post-conviction petition (which is not presently before the court), he also acknowledges that he never pursued an appeal in the post-conviction proceedings. (*Id.* at 2.) Under Indiana law, he had to initiate an appeal of the court's November 2022 order dismissing his post-conviction petition within 30 days. *See* IND. R. APP. P. 9(A). He did not do so, and the time for doing so has passed. Because he did not present his claims in one complete round of state review, they are procedurally defaulted. *Davila*, 582 U.S. at 537.

A habeas petitioner can overcome a procedural default by establishing cause and prejudice. *Davila*, 582 U.S. at 528. "Cause" in this context means "an objective factor external to the defense that impeded the presentation of the claim to the state courts," and only applies to factors that "cannot fairly be attributed to the prisoner." *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (citation and internal quotation marks omitted). A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice because he is actually innocent. *House v. Bell*, 547 U.S. 518, 536 (2006). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). To

3

raise a credible claim of actual innocence, the petitioner must have "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must demonstrate that in light of this new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id*. This is a demanding standard that can only be met in "extraordinary" circumstances. *House*, 547 U.S. at 538.

Mr. Chatman does not acknowledge his default or provide any potential cause for excusing it.[2] Although he has not expressly made this argument, the court has considered that he mentions having mental health issues in his petition. He does not detail the exact nature of these issues, but regardless, the Seventh Circuit has held that mental illness does not constitute cause to set aside a procedural default because it is not considered an "external" impediment. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *see also Smith v. Wilson*, No. 3:07–CV–152 RM, 2007 WL 1308836, at *1 (N.D. Ind. May 3, 2007) ("mental illness is not cause" to set aside a procedural default).

Mr. Chatman also does not argue actual innocence or point to any new evidence that would undermine the factual underpinnings of his conviction. Indeed, it would be difficult for him to make a credible showing of actual innocence in light of the admissions he made in connection with his guilty plea. *Dellinger v. Bowen*, 301 F.3d 758,

---

[2] He suggests that he exhausted his claims because he sent out letters complaining about his attorney's conduct. (ECF 4 at 4-5.) He appears to be referencing letters and motions he filed in the trial court (ECF 4-1 at 3), or letters he and his mother sent to a professional regulation board. (ECF 4-1 at 18-24). Some of the letters appear to pertain to a different attorney who represented him in a Tennessee criminal case, but in any event, letters are no substitute for a proper appeal to the Indiana Court of Appeals and the Indiana Supreme Court. *Baldwin*, 541 U.S. at 30-31; *Boerckel*, 526 U.S. at 845.

767 (7th Cir. 2002) (petitioner did not meet actual innocence exception where he did not "claim that he is an innocent man. . . [n]or could he, given his own admission" of guilt). He has not met the demanding standard of the actual innocence exception. Therefore, his claims are defaulted and cannot be considered on the merits.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant him a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained above, Mr. Chatman's claims are procedurally defaulted and he has not provided any potential grounds for excusing his default. The court finds no basis to conclude that reasonable jurists would debate the correctness of this procedural ruling and will not grant him a certificate of appealability.

As a final matter, Mr. Chatman sent the court a letter in which he appears to request appointment of counsel. (ECF 5.) Unlike a criminal defendant, an indigent civil litigant does not have an automatic right to counsel at public expense. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). A state prisoner pursuing federal habeas relief is entitled to counsel when he is under a death sentence, which Mr. Chatman is not. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Counsel also must be appointed when the court holds an evidentiary hearing to resolve the petition. RULE 8(C) OF THE RULES GOVERNING SECTION 2254 CASES. No evidentiary hearing has

been scheduled in this case, nor would it be appropriate to hold an evidentiary hearing in light of the procedural default bar.

Therefore, whether to appoint counsel is a matter of discretion. *See* 18 U.S.C. § 3006A(a)(2)(B) ( "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court will abuse its discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281 (citation omitted).

Mr. Chatman's request for counsel is very brief and he does not describe what efforts, if any, he has made to obtain a lawyer on his own. Assuming he could satisfy this threshold issue, the record reflects that he is literate and capable of making arguments in support of his position. As explained above, the claims in his petition are procedurally defaulted under AEDPA because he did not present them in one complete round of state review. There is nothing before the court to suggest he would have a reasonable chance of overcoming the default if the court were to appoint counsel to represent him. Therefore, his request for counsel will be denied.

For these reasons, the court:

(1) DENIES the petitioner's request for counsel (ECF 5);

(2) DISMISSES the petition (ECF 4) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on June 15, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT